UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE TEODORO DELGADO-PACHAY,

    Petitioner,

v.                                     Case No. 8:20-cv-154-T-02JSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DISMISSING PETITON

This matter comes before the Court upon Jose Teodoro Delgado-Pachay's ("Delgado") Motion to Vacate pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1.[1] The Government filed a response. Civ. Dkt. 6. The Government concedes the Petition is timely.

Delgado pleaded guilty with a plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States' jurisdiction, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Cr. Dkts. 1 & 34. The plea agreement outlined that Delgado faced a mandatory-minimum term of 10 years' imprisonment and up to a maximum term of life in prison. Cr. Dkt. 34 at 1.

---

[1] In this civil case, citations to the civil docket will be denoted "Civ. Dkt. ___." Citations to the prior criminal case, 8:18-cr-331-T-02JSS, will be denoted "Cr. Dkt. ___."

Through an interpreter, Delgado verified that he reviewed the charges and plea agreement in its entirety with his counsel. Cr. Dkt. 123 at 9–10. Delgado affirmed that he examined the facts and evidence with counsel and that he was satisfied with counsel's advice and representation. *Id.* at 20–21. The court explained, and Delgado confirmed, that he could not withdraw his guilty plea if this court did not accept any recommendations concerning his potential sentence. *Id.* at 26–27. Delgado knowingly waived his appellate rights, absent limited circumstances. *Id.* at 33–35. The court explained to Delgado that he faced a mandatory-minimum term of ten years in prison and up to a maximum term of life imprisonment. *Id.* at 36–37. Notably, Delgado understood that by pleading guilty, he waived his right to take his case to trial and to any defenses he had against the charges. *Id.* at 38–40.

The factual basis detailed that no one on the vessel made a nationality claim and the Coast Guard treated it as a vessel without jurisdiction. *Id.* at 42–43. Delgado admitted that these facts were true. *Id.* at 43–44. No one forced or threatened Delgado to plead guilty, nor did anyone promise him anything other than the terms in his plea agreement. *Id.* at 45–46. The court found Delgado's guilty plea to be both knowing and voluntary. *Id.* at 50–51. This Court accepted Delgado's guilty plea and adjudicated him guilty. Cr. Dkt. 56.

The Probation Office held Delgado accountable for 1,199 kilograms of

cocaine. Presentence Investigation Report dated December 17, 2018 ("PSR") Cr. Dkt. 67 ¶ 19. Delgado met the criteria set forth in USSG §5C1.2 and received a two-level safety valve reduction. *Id.* ¶ 20. Delgado's total offense level (33) and criminal history category (I) produced an advisory guidelines range of 135 to 168 months' imprisonment. *Id.* ¶¶ 28, 31, 57.

Prior to sentencing, the United States filed a motion for a downward departure based on Delgado's substantial assistance and recommended a two-level reduction in his offense level. Cr. Dkt. 62. This Court granted the United States' motion and sentenced Delgado to serve 97 months' imprisonment. Cr. Dkts. 79 & 87. After sentencing, Delgado filed his declaration of intent not to appeal his sentence. Cr. Dkt. 112.

Now, Delgado seeks to challenge his conviction by claiming that counsel was ineffective for failing to file a motion to suppress, object to venue, and dismiss the indictment. *See generally* Civ. Dkt. 1. Delgado also claims that this Court lacked subject-matter jurisdiction. *Id.*

On collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *see In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 164–66 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the

claim is valid, then the defendant has failed to carry his burden. *Moore*, 830 F.3d at 1273; *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review, "the burden truly is on the defendant to show that the error actually did make a difference . . . . Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."). For the reasons explained in further detail below, Delgado cannot meet this burden.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)).

4

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

### 1. Failure to Object to Venue and Subject-Matter Jurisdiction

Delgado claims in Ground One that counsel was ineffective for failing to object to venue. Civ. Dkt. 1 at 4. In Ground Two, Delgado challenges this Court's jurisdiction. *Id.* at 5. Both claims lack merit.

#### a. Venue

The Maritime Drug Law Enforcement Act ("MDLEA") states that a defendant can be tried in any district "if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district." 46 U.S.C. § 70504(b)(2). By virtue of his guilty plea, Delgado admitted that the offense was committed "on the high seas." Cr. Dkt. 123.

Delgado confirmed that the Coast Guard stopped his vessel approximately

350 nautical miles south of the Guatemala/Mexico border, far beyond the territorial seas of any country and thus in international waters (*i.e.* "the high seas"). Cr. Dkt. 123 at 42–44. *See United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003); United Nations Convention on the Law of the Sea, 21 I.L.M. 1245, Article 3 (under international law, the territorial seas of any nation do not extend beyond twelve nautical miles). Thus, by virtue of his guilty plea and the stipulated facts in his plea agreement, venue for Delgado's case was proper in any district, including the Middle District of Florida. Delgado has no basis to contest venue or any alleged "forum or judge shopping."

### b. Jurisdiction

"A jurisdictional defect is one that strips the court of its power to act and makes its judgment void." *McCoy v. United States,* 266 F.3d 1245, 1249 (11th Cir. 2001) (internal citation omitted). Because 18 U.S.C. § 3231 gives district courts subject-matter jurisdiction over "all offenses against the laws of the United States," an indictment that charges a federal crime establishes the district court's jurisdiction. *Alikhani v. United States*, 200 F.3d 732, 734–35 (11th Cir. 2000); *see also United States v. Peter*, 310 F.3d 709, 713–15 (11th Cir. 2002) (because indictment failed to charge an offense, court lacked jurisdiction).

The MDLEA was enacted to prohibit any person from "knowingly or intentionally . . . possess[ing] with intent to manufacture or distribute, a controlled

substance" on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1). In 1996, Congress amended the MDLEA to provide that "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense." *United States v. Tinoco*, 304 F.3d 1088, 1102 (11th Cir. 2002); 46 U.S.C. § 70504(a). Jurisdictional issues are "preliminary questions of law to be determined solely by the trial judge." *Tinoco*, 304 F.3d at 1102.

"The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to foreign coasts." *McPhee*, 336 F.3d at 1273. A "vessel subject to the jurisdiction of the United States" includes, *inter alia*, "a vessel without nationality." 46 U.S.C. § 70502(c). "[A] vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality" is a "vessel without nationality." 46 U.S.C. § 70502(d)(1)(C). "Because stateless vessels do not fall within the veil of another sovereign's territorial protection, all nations can treat them as their own territory and subject them to their laws." *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003).

After the Coast Guard boarded the vessel, none of the crewmembers identified themselves as the master. Cr. Dkt. 34 at 21. Contrary to Delgado's claim, there was no registry claim, registration number, homeport, or name on the

7

hull, thus the Coast Guard determined the vessel was without nationality. *Id.* Delgado stipulated to these facts in his plea agreement and at his change- of-plea hearing. *Id.*; *see also* Cr. Dkt. 123 at 42–44. Accordingly, there was no basis for counsel to object to jurisdiction when jurisdiction was unequivocally established.

Delgado's "[c]ounsel cannot be labeled ineffective for failing to raise issues which have no merit." *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990); *see, e.g.*, *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel cannot be deemed ineffective for failing to raise a non-meritorious objection); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (failure to raise meritless issues cannot prejudice a client). Thus, Petitioner has failed to meet his burden on Grounds One and Two.

### 2. Failure to Object to Speedy Indictment

At Ground Three, Delgado claims counsel was ineffective for failing to move to dismiss the indictment for violation of the Speedy Trial Act. Civ. Dkt. 1 at 6. Specifically, he claims that his indictment was not returned within thirty days of his arrest. This claim is without merit and entitles him to no relief.

The Speedy Trial Act requires the United States to file an indictment or information against a defendant within thirty days from the date of his arrest. 18 U.S.C. § 3161(b); *see also United States v. Mathurin*, 690 F.3d 1236, 1239 (11th Cir. 2012). However, for purposes of the Speedy Trial Act, an "arrest" does not

8

occur merely because a defendant is seized and taken in temporary custody. *United States v. Sayers*, 698 F.2d 1128, 1131 (11th Cir. 1983). Rather, an "arrest" occurs when a defendant is formally arrested pursuant to a criminal complaint or indictment. *Id*. (holding that "the time period for the Speedy Trial Act should begin to run only after an individual is 'accused,' either by an arrest <u>and</u> charge or by an indictment" (emphasis added)); *see also United States v. Kubiak*, 704 F.2d 1545, 1548 (11th Cir. 1983) (holding that defendant's initial "arrest" by the Coast Guard did not trigger the Speedy Trial Act, because the defendants "were not held to answer in federal court until they were indicted").

Here, the United States charged Delgado by an indictment on July 12, 2018. Cr. Dkt. 1. Law enforcement did not arrest Delgado until July 17, 2018. Cr. Dkt. 8. Thus, the indictment was issued before Delgado was arrested and there was no violation of the Speedy Trial Act. Accordingly, Delgado has not demonstrated deficient performance by counsel because any motion to dismiss the indictment based on the Speedy Trial Act would have been meritless. *Card*, 911 F.2d at 1520; *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### 3. Failure to File a Motion to Suppress

In his final ground, Delgado claims counsel was ineffective for failing to file a motion to suppress. Civ. Dkt. 1 at 8. This claim entitles Delgado to no relief.

Delgado waived his claim to the purported illegal search in his Motion

9

through the entry of his guilty plea. By pleading guilty, Delgado understood that "any defense that [he would] have would be lost by a guilty plea." Cr. Dkt. 123 at 40. Delgado's admissions serve as waiver to this claim. *See, e.g.*, *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (knowing and voluntary guilty plea waives pre-plea ineffective assistance of counsel claim in a section 2255 proceeding); *Franklin v. United States*, 589 F.2d 192, 194–95 (5th Cir. 1979) (guilty plea waives claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding); *United States v. Byrd*, 166 F. App'x. 460, 461–62 (11th Cir. 2006) ("By entering a voluntary unconditional guilty plea, a defendant 'waives all nonjurisdictional defects in the proceedings.' A district court's refusal to suppress evidence is nonjurisdictional and is waived by a guilty plea." (quoting *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003)).

Even if the guilty plea did not bar his claim, Delgado must show that there would be a reasonable probability that the outcome of his case would have been different had counsel filed a motion to suppress. *See, e.g.*, *Jones v. United States*, 224 F.3d 1251, 1258 (11th Cir. 2000). However, the Constitution requires that counsel make "objectively reasonable choices." *Bobby v. Van Hook*, 558 U.S. 4, 9 (2009) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000)). Counsel is not ineffective for failing to file a motion to suppress that had little chance of success.

10

*Owens v. Wainwright*, 698 F.2d 1111, 1114 (11th Cir. 1983).

Delgado's claims to the purported illegality of the stop and subsequent boarding of the vessel are without merit and there was a high likelihood that any motion to suppress on those grounds would be denied. Delgado cannot challenge the constitutionality of the boarding and search "because the Fourth Amendment does not apply to searches and seizures (arrests) by the United States of a non-citizen/non-resident alien <u>arrested in international waters or a foreign country</u>." *United States v. Cabezas-Montano*, 949 F.3d 567, 593 (11th Cir. 2020) (emphasis in original) (citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 274–75 (1990) (holding that the Fourth Amendment protects only "the people" of the United States and has no application to search and seizure challenges involving a non-citizen/non-resident alien where the area searched is outside the United States)). The unequivocal holding of *Verdugo-Urquidez* has been embraced across circuits in the context of MDLEA cases. *See, e.g.*, *United States v. Bravo*, 489 F.3d 1, 8–9 (1st Cir. 2007); *United States v. Kurdyukov*, 48 F. App'x. 103, 2002 WL 31016494, at *3 (5th Cir. 2002) ("Kurdyukov is a Ukrainian national and the search of the China Breeze occurred in international waters. Therefore, Kurdyukov cannot receive the protections of the Fourth Amendment"); *United States v. Zakharov*, 468 F.3d 1171, 1179 (9th Cir. 2006).

Delgado fails to provide any successful argument counsel could have raised

in a motion to suppress. Accordingly, the Court denies Delgado's claim at Ground Four.

On these four claims there is no need for a hearing. No hearing is required for meritless or defaulted claims. *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984); *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

As the Court does not deem these issues to contain any merit, Petitioner is not entitled to a certificate of appealability and the Court denies any motion for proceeding further in forma pauperis. 28 U.S.C. § 2253(c).

The Petition is dismissed.

**DONE AND ORDERED** at Tampa, Florida, on April 10, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, pro se